UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRITI FILOXENIA SPECIAL                           CIVIL ACTION
MARITIME ENTERPRISES (ENE)

VERSUS                                            NO: 10-326

YA-SA DENIZCILIK SANAYI VE                        SECTION: "S" (1)
TICARET A.S., ET AL.

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment filed by plaintiff, Kriti Filoxenia Special Maritime Enterprises (ENE) ("Kriti") (Doc. #16), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Enforce Settlement filed by Kriti (Doc. #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Cross Motion to Enforce Settlement filed by defendants, Ya-Sa Denizcilik Sanayi ve Ticaret A.S., Ya-Sa Ship Management & Trading S.A., and the M/V YASA H. MEHMET (collectively "Ya-Sa") (Doc. #37) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Transfer to Another Section and for Costs and Fees filed by Ya-Sa (Doc. #34) is **DENIED**.

**BACKGROUND**

This dispute concerns a maritime accident that occurred on October 25, 2008, in the port of Lagos, Nigeria, when the Turkish flagged M/V YASA H. MEHMET allided with the Greek flagged M/V KRITI FILOXENIA. The M/V KRITI FILOXENIA sustained two holes in her hull for which she underwent temporary repairs in Nigeria and permanent repairs in dry dock in Turkey. Kriti, a domiciliary of Greece that maintains its base of operations in Greece, owns the M/V KRITI FILOXENIA. Ya-Sa, a domiciliary of Turkey that maintains its base of operations in Turkey, owns the M/V YASA H. MEHMET

On February 5, 2010, Kriti filed suit in the Untied States District Court for the Eastern District of Louisiana seeking to recover for the physical damage to the vessel and loss of use damages resulting from the October 25, 2008, allision in Nigerian waters. The M/V YASA H. MEHMET was arrested in the Eastern District of Louisiana when it was present in the United States on business unrelated to the October 25, 2008, allision with the M/V KRITI FILOXENIA.

Kriti filed a motion for partial summary judgment arguing that the law of the United States should apply to the substantive issues of this case. Alternatively, Kriti argues that Greek or Turkish law should apply. Ya-Sa contends that Nigerian law should apply.

In its reply memorandum in support of its motion for partial summary judgment, Kriti informs that the parties have settled the physical damage aspect of Kriti's claim and that Ya-Sa admitted liability for the allision. Kriti attached Ya-Sa's answers to Kriti's requests for admission to the reply memorandum in which Ya-Sa admitted: (1) that the M/V YASA H. MEHMET struck the M/V KRITI FILOXENIA on or about October 25, 2008; (2) the M/V YASA H. MEHMET was

moving when she struck the M/V KRITI FILOXENIA; (3) the M/V KRITI FILOXENIA was stationary when she was struck by the M/V YASA H. MEHMET; (4) the M/V KRITI FILOXENIA was visible when she was struck by the M/V YASA H. MEHMET; and, (5) the M/V KRITI FILOXENIA sustained damage to her hull as a result of being struck by the M/V YASA H. MEHMET. Ya-Sa filed a response in which it argues that it did not admit fault and liability.

Thereafter, Kriti filed a motion to enforce settlement in which it seeks an order requiring Ya-Sa to comply with the terms of the settlement of the physical damage portion of Kriti's claim. Specifically, Kriti argues that Ya-Sa should be prevented from denying liability for the allision after it agreed to admit such liability. Ya-Sa filed a cross motion to enforce the settlement in which it argues that it did not agree to admit fault and liability for the allision, but only to admit liability for Kriti's physical damages.

Ya-Sa also filed a motion to transfer this matter to another section in the Easter District of Louisiana. Ya-Sa argues that this court's impartiality has been tainted to Kriti's filing emails evidencing settlement negotiations between the parties to its motion to enforce settlement.

## ANALYSIS

**A.   Kriti's and Ya-Sa's Cross Motions to Enforce Settlement and Ya-Sa's Motion to Transfer**

On September 14, 2010, Ya-Sa made an offer to Kriti to settle the physical damages portion of Kriti's claim. Specifically, Ya-Sa stated that it would settle this portion of Kriti's claim for 90% of the repair costs, payable within thirty days of Kriti's acceptance of the offer, and that it is evident from Ya-Sa's responses to Kriti's requests for admission that Ya-Sa is "conceding liability for

[Kriti's] physical damages, but not for [Kriti's] loss of use." Further, Ya-Sa stated that the "receipt and release document can articulate the intention behind the settlement, and express what liability [Ya-Sa is] accepting." On October 1, 2010, Kriti accepted Ya-Sa's offer.

Kriti contends that it agreed to settle the physical damages portion of its claim for 90% of the repair costs in exchange for Ya-Sa's conceding liability for the allision and Kriti's physical damages, but not loss of use as an element of damages. Kriti argues that by admitting liability for its physical damages, Ya-Sa impliedly admitted liability for the allision. In support of its argument, Kriti attached various email correspondence between its counsel and Ya-Sa's counsel in which the settlement was negotiated.

Ya-Sa argues that the evidence of the settlement discussions is inadmissible under Rule 408 of the Federal Rules of Evidence, and the court should transfer this matter to another section of the Eastern District of Louisiana because its impartiality as the finder of fact has been tainted. Ya-Sa also argues that its September 14, 2010, offer and Kriti's October 1, 2010, acceptance are the only documents regarding the settlement that are relevant to determining the meaning its terms.

Rule 408 provides, in part, that evidence of "furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and conduct or statements made in compromise regarding the claim" are not admissible when offered to prove liability for, invalidity of, or the amount of a claim. FED. R. EVID. 408(a). Such evidence is admissible if offered for another purpose, such as to prove the parties' intent regarding the terms of the settlement. See FED. R. EVID. 408(b); see also Cates v.

Morgan Portable Bldg., Corp., 780 F.2d 683, 691 (7th Cir. 1985); Coakley & Williams Const., Inc. v. Structural Concrete Equipment, Inc., 973 F.2d 349, 353 (4th Cir. 1992).

Kriti offered the evidence of the statements made in the settlement negotiations to prove the meaning of the terms of the settlement agreement, which is permitted by Rule 408. The court's knowledge of admissible evidence does not taint the court's impartiality. Therefore Ya-Sa's motion to transfer to another section is DENIED.

The evidence of the settlement negotiations and Ya-Sa's responses to Kriti's requests for admission show that Kriti believed Ya-Sa was admitting liability for Kriti's physical damages and the allision, but not loss of use as an element of damages. In responding to Kriti's requests for admission, Ya-Sa admitted that the M/V YASA H. MEHMET was moving when it struck the stationary and visible M/V KRITI FILOXENIA. These facts support the premise that Ya-Sa was likely at fault for the allision.

Also, on August 12, 2010, Kriti suggested that it might settle its physical damage claim for 90% of the repair costs if Ya-Sa admitted liability, which would leave for adjudication only the issues of whether Kriti is entitled to loss of use damages and the amount of those damages. On September 7, 2010, Ya-Sa indicated that it was "ready to do the deal at 90% of the physicals, and concede liability, but not for loss of use as a damage item." Then on September 9, 2010, Kriti requested that Ya-Sa make a formal offer "to settle the matter for 90% of the physicals, a stipulation of liability, but not for loss of use as a damage item." Ya-Sa's September 14, 2010, settlement offer followed. Throughout the negotiations, both parties stated that Ya-Sa would admit or concede liability. This demonstrates both that Kriti and Ya-Sa expected that Ya-Sa was admitting liability

for Kriti's physical damages and the allision, but not admitting loss of use as an element of damages under the applicable law, in exchange for Kriti's accepting 90% of the repair costs to settle its physical damages claim. Therefore, Kriti's motion to enforce the settlement is GRANTED, and Ya-Sa's cross motion to enforce the settlement is DENIED.

**B.     Kriti's Motion for Summary Judgment**

   **1.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56©.  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

   **2.     Choice of Law**

The choice-of-law factors for determining which nation's law governs a maritime action were set forth by the Supreme Court of the United States in Lauritzen v. Larsen, 73 S.Ct. 921 (1953),

and Hellenic Lines Ltd. v. Rhoditis, 90 S.Ct. 1713 (1970).  The Lauritzen-Rhoditis factors are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) the allegiance of the defendant shipowner; (5) the place where the contract was made; (6) the accessibility of the foreign forum; (7) the law of the forum; and (8) the vessel owner's base of operations.  See Rhoditis, 90 S.Ct. at 1733-34.  The test "is not a mechanical one," and "[t]he significance of one or more of these factors must be considered in light of the national interest served."  Id. at 1734.

### a. Place of the Wrongful Act

This factor favors the application of Nigerian law because the allision occurred in Nigerian waters.

### b. The Law of The Flag

This case involves an allision between two vessels that fly different flags.  The M/V KRITI FILOXENIA is flagged in Greece, and the M/V YASA H. MEHMET is flagged in Turkish.  Therefore, this factor points to applying either Greek or Turkish law.

### c. The Allegiance or Domicile of the Injured Party

In collision cases the owner of the vessel suing for damages is the injured party.  See Perforaciones Marítimas Mexicanas, S.A. de C.V. v. Groupo TMM, S.A. de C.V., 2007 WL 1428654, at * 4 (S.D. Tex. 5/10/07).  Kriti, the injured party, is domiciled in Greece.  Thus, this factor militates in favor of applying Greek law.

### d.      The Allegiance or Domicile of the Defendant Shipowner

The defendant shipowner, Ya-Sa, is domiciled in Turkey. Thus, this factors weighs in favor of applying Turkish law.

### e.      Place of Contract

There is no contractual relationship between the parties. Therefore, this factor is inapplicable.

### f.      Inaccessibility of the Foreign Forum

This factor is relevant to a *forum non conveniens* determination, not to a choice-of-law analysis. Fogleman v. ARAMCO, 920 F.2d 278, 283 (5th Cir. 1991) (citing Lauritzen, 73 S.Ct. at 932). It is therefor inapplicable to this analysis.

### g.      Law of the Forum

When a party files suit in a federal district court of the United States, this factor naturally weighs in favor applying United States law.

### h.      The Shipowners' Base of Operations

Kriti's base of operations is in Greece, and Ya-Sa's base of operations is in Turkey. Therefore, this factor points to applying either Greek or Turkish law.

In this choice of law analysis, Greece and Turkey have equal interests in having its laws applied to this matter. The plaintiff is domiciled in and has its base of operations in Greece, and its vessel flies the Greek flag. The defendant is domiciled in and has its base of operations in Turkey, and its vessel flies the Turkish flag. The allision occurred in Nigeria. The forum is the United States.

Kriti argues that, because the other factors are evenly split between application of Greek and Turkish law, and the location of the allision in Nigerian waters was merely fortuitous, the court should apply the law of the United States. Kriti also argues that Nigeria no longer has any interest in this action because Ya-Sa has admitted liability for the allision.

Ya-Sa argues that the forum is fortuitous because the vessel was arrested in the United States, and that the court should apply Nigerian law. Ya-Sa contends that Nigeria has the most significant interest in having its laws applied to this suit. Nigeria's rules of navigation were allegedly violated, and Nigeria has a strong interest in ensuring safe navigation and the free flow of commerce in its ports. Kriti contends that this factor should be accorded little weight because the presence of both vessels and the occurrence of the allision in Nigerian waters was completely fortuitous.

Where contacts analysis reveals that no one sovereign has an overriding interest in applying its law to an action arising out of an allision, the law of the place of the allision should apply. See Ishizaki Kisen Co. v. United States, 510 F.2d 875, 879 (9th Cir.1975) (noting that under Restatement (Second) of the Conflicts of Laws § 145, the jurisdiction where a collision takes place will normally have the most significant interest in applying its law); see also Cliffs-Neddriss Turnkey International-Oranjestad v. M/T Rich Duke, 734 F.Supp 142, 148-49 (D. Del. 1990) (assuming application of Aruban law to a collision in Aruban territorial waters for purposes of a *forum non conveniens* analysis, and stating: "[i]n the present case, the place of the collision is the only common denominator between the parties. The parties voluntarily placed themselves in the jurisdiction and cannot claim surprise that its law will be applied to them.").

Further, the law of the forum factor is traditionally given little weight. Id. In Lauritzen, 73 S.Ct. at 932, the Supreme Court of the United States noted that:

> [t]he purpose of a conflict-of-laws doctrine is to assure that a case will be treated in the same way under the appropriate law regardless of the fortuitous circumstances which often determine the forum. Jurisdiction of maritime cases in all countries is so wide and the nature of its subject matter so far-flung that there would be no justification for altering the law of a controversy just because local jurisdiction of the parties is obtainable.

The common denominator in this case is Nigeria, the place of the allision. Both vessels were voluntarily in the Nigerian port to engage in commerce. Nigeria has a significant interest in having its laws apply to all substantive aspects of a case involving an allision in its waters. The United State's only connection to this matter is that the suit was filed here and defendant vessel was arrested in the Eastern District of Louisiana, when it was present in the United States on business unrelated to the allision at issue. This happenstance was merely fortuitous. Therefore, Kriti's motion for partial summary judgment seeking the application of the laws of the United States is DENIED. The court will apply Nigerian law to the substantive issues in this matter.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment filed Kriti (Doc. #16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Enforce Settlement filed by Kriti (Doc. #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Cross Motion to Enforce Settlement filed by Ya-Sa (Doc. #37) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Transfer to Another Section and for Costs and Fees filed by Ya-Sa (Doc. #34) is **DENIED**.

New Orleans, Louisiana, this 17th day of November, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**